**Dejun XU, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 03–71524.**

**Agency No. A72–667–270.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2005.**

Decided Feb. 16, 2005.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Henry R. Hu, Law Offices of Henry R. Hu, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Marion E. Guyton, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before ALARCÓN, SILER,*** and SILVERMAN, Circuit Judges.

MEMORANDUM ****

Dejun Xu, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. The transitional rules apply and we have jurisdiction under 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997). We review for substantial evidence and will reverse the BIA's determination only if the evidence compels such a result. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995).

---

*** Honorable Eugene E. Siler, United States Circuit Judge for the Sixth Circuit, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the BIA's determination that Xu failed to show that the incidents about which he testified amounted to persecution or that he has a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir.2003). Xu's testimony that he was on one occasion questioned by a police officer, was not harmed or threatened by this officer, was required to write three self-criticism essays, was monitored by his colleagues for approximately half a year, and was required to report once a month to a group leader for approximately two years, did not rise to the level of persecution. *See id.* at 1016–17 (explaining that persecution is an extreme concept; discrimination and harassment do not amount to persecution).

■ Xu failed to demonstrate a well-founded fear of future persecution because he failed to show past persecution, had been punished fifteen years ago for his role in the anti-government demonstrations, continued to be employed by the university in China for over two years before leaving for the United States, and obtained a passport without difficulties. *See, e.g., Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000) (alien's fear undermined by two-year stay in country after incidents of harm); *Rodriguez–Rivera v. INS*, 848 F.2d 998, 1006 (9th Cir.1988) (alien's fear of governmental persecution undermined by issuance of passport).

Because Xu failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Prasad*, 47 F.3d at 340.

We do not consider Xu's claims regarding ineffective assistance of counsel and failure to receive a full and fair hearing before the IJ, because he did not raise these claims before the BIA and these "allegations of due process violations are exactly the sorts of procedural errors which require exhaustion." *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994).

■ We lack jurisdiction to consider Xu's contention regarding relief under the Convention Against Torture because he did not raise this claim before the agency. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999).

■ We lack jurisdiction to consider Xu's contentions regarding changed circumstances because he failed to exhaust and the record does not contain a final order disposing of his motion to reopen. *See Rashtabadi*, 23 F.3d at 1567 ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter."); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) ("The Act limits our review to the 'administrative record upon which the deportation order is based and the Attorney General's findings of fact.' 8 U.S.C. § 1105a(a)(4).").

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Xu's voluntary departure period will begin to run upon issuance of this Court's mandate.

PETITION FOR REVIEW DENIED in part, DISMISSED in part.